UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION
WILLIAM F. JUNG, UNITED STATES DISTRICT JUDGE.

Sam M. Gibbons U.S. District Courthouse
801 N. Florida Avenue
Tampa, Florida 33602-3800

September 5th, 2020

Civil Docket No: _____
(To be assigned by the Court)

Re: Civil Action Complaint
**John D. Golom vs. Attorney Lee White**
A known associate of the JODAT Law Group, P.A.

8: 20 cv 2173 T 35 JSS

To the Honorable Assigned Justice, and (or)
The Clerk of the Court, c/o the Court Administrator.

COMES NOW" The Plaintiff, John D. Golom in this action thru *Pro'se* and files this complaint before the Honorable Court and states as is" listed herein below, through Letter in Motion Form.

I write this letter today in pursuit of a Civil Action Complaint concerning my Parental Rights that have been violated under the **14th Amendment** within the **United States of America** through a conspiracy factor that was drawn to the attention of the **Honorable Diana Moreland**" who remains a local County Judicial Circuit Judge in (Manatee County Florida) who allowed the violation to prevail after my Federal Investigator Larry Samenza discovery it within seconds after Attorney Lee White concluded the filing in Court between the Mother of the Child Lacey B. Goldsmith in that case, and the Father of the child in this case that remains on-going within the **Middle District of Pennsylvania**" whereas" On (or) About *June 17th 2019 @ around 1:30PM* of that afternoon subsequently the violation was drawn to Judge Moreland's attention after Attorney Lee White, an associate of the *JODAT Law Group, P.A.* filed a Deceptive and Perjured Notarized Declaration before her court, in addition gave false testimony in violation of **18 U.S.C § 1623. False and Misleading Declaration before a grand jury or court, 18 U.S.C § 1621. Perjury in general, moreover 18 U.S.C § 1622. Subornation of perjury**" before the Court in violation of Federal Law that remains protected (or) so says the U.S. Supreme Court. Although I anticipate additional Defendants" Namingly the Grandmother" **Jill Goldsmith**, and The Grandfather" **Edward Goldsmith,** along-side the mother of the child, **Lacey B. Goldsmith** given the fact's the discovery in this case remains voluminous in exhibit. Whereas" I intend to comply with the courts every request to the letter of the Law if **GRANTED**"

In Conclusion"

The plaintiff in this action prays this Honorable Court **GRANTS** his request to prevail in favor of the Constitutional Right Violation that has occurred listed herein above.

Should the Court require furtherance concerning this matter, please feel free to enlist in me to assist.

Respectfully Submitted

/s/ John D. Golom

John D. Golom c/o OCA # 02-09063
175 Pike County Blvd
Lords Valley, Pa 18428

Florida Supreme Court, Office of Disciplinary Action c/o
The Honorable Clerk of the Court
500 S. Duval Street
Tallahassee, Florida 32399

Manatee County Case No: 2018-DR-005422

Re: Administrative Complaint, Civil Action

And" The

September 9th, 2020

Department of Justice,
 ➢ Office of Professional Responsibility ("OPR"),
1900 East Street, NW
Washington D. C. 20415

Attorney Lee White c/o JODAT LAW GROUP, P.A.
521 Ninth Street West, Bradenton, Florida 34205

**ACTUAL COMPLAINT**

Dear Sir (or) Madam, and (or)
To Whom It May Concern.

I write this letter today in search of your **Administrative Complaint Review Application Form** and all related **Affidavits of Disciplinary Action** adhering to this complaint against the following Attorney, Whereas" **Attorney Lee White. FBN # 63480.** Email Address Lee.White@jodatLawGroup.com by and through the Law Offices of: JODAT LAW GROUP, P.A. **Location: 521 Ninth Street West, Bradenton, Florida 34205** who remains in violation of: State, Local and Federal Laws by way of 18 U.S.C § 1623. False and Misleading Declaration before a grand jury or court, and 18 U.S.C § 1621. Perjury in general, moreover 18 U.S.C § 1622. Subornation of perjury" remains clear" Whereas "Whomever procures another to commit any perjury is guilty of subornation of perjury, and shall be fined under this title or imprisoned not more than five years, or both. adhering to **Case No: 2018-DR-005422** via the **Final Judgement on Petition For Custody By Extended Family** adhering to the: **Custody of Minor Child via The Goldsmiths, Jill, Edward, and the Mother of the Child, Lacey B. Goldsmith,** Marked, Time Stamped and Recorded thru the Clerk of the Court Drafted **December 14th Received December 17th, and recorded December 27th 2018** within the **Twelfth Judicial Circuit of Manatee County Florida,** in the presents of the **Honorable Diana Moreland** in violation of *State, Local & Federal Laws,* after **Attorney Lee White,** having full and complete knowledge the father of the child, John D. Golom was already in Federal custody, held, and detained as a pre-trial detainee in an on-going Federal Court Proceeding and all related actions within the **Middle District of Pennsylvania** with the Mother of the Child, Lacey B. Goldsmith DID In-FACT deliberately file a notarized perjured document within said same court having full and complete knowledge the affidavit he supplied to the court contained Fraudulent, Deceptive and Fabricated information through Bad Faith in-order to gain access, care, custody and control of the Child, known to as" **(AMG) Angelina Marie Goldsmith, DOB: 06/25/2017** through Article and Exhibit # 4 on Page 1 of 2 claiming THERE IS NO FATHER LISTED ON THE BIRTH CERTIFICATE OF THE MINOR CHILD,THERE IS NO PENDING LITIGATION REGARDING THE CHILD IN FLORIDA OR (IN ANY OTHER STATE, NOR IS

**THERE ANY OTHER PERSON NOT A PARTY TO THESE PROCEEDINGS WHO HAS OR CLAIMS TO HAVE PHYSICAL CUSTODY OF THE MINOR CHILD** prior to it being notarized whereas, **Attorney Lee White** knew the Mother of the Child Lacey B. Goldsmith was already entwined in a Federal Court Proceeding and all related actions here in **Middle District of Pennsylvania.** Listed as a Government witness set forth to testify against the Father of the Child know to as" **John D. Golom**, in furtherance **Attorney Lee White** was forewarned and provided clear and convincing evidence thru documentation as proof the Mothers place of residency at the time of said same filing continued within the *Great State of Pennsylvania* adhering to **Exhibit #1 cc: Lee White, Esq. Lacey B. Goldsmith 3400 Bath Pike, Suite 103, Bethlehem, PA 18107** remains in question. Whereas" Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence of that Attorney Lee White of **Manatee County, Florida** fraudulently filed in court, on this date"**11/27/2018**, pertaining to **E-File # 81236002 11/27/2018** whereas" in front of the Honorable Judge Diana Moreland's Courtroom, with full and complete knowledge the affidavit he supplied to the Court would render a verdict in favor of judgement through false and misleading pretenses was malicious in-fact after he provided it to the court as a matter of record. Whereas, the fact remains in result of Attorney Lee White's actions became the cause of a jurisdictional conflict over the child. Ending as" Either Attorney Lee White intentionally filed a fraudulent claim of custody in thinking that the father would never catch-wind of it, meaning, either he was the guilty party of his own actions, (or) the Goldsmith's and family, Jill, Edward & the mother of the child Lacey lied to Attorney Lee White as to commit **Subornation of perjury"** in this case.

**Remains Clear"**
- Whoever under oath (or) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under *section 1746 of title 28, United States Code* in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, **paper, notarized document**, record, recording, or other material, <u>knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both.</u>

(B) This section is applicable whether the conduct occurred within or without the United States.

(C) An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if

(1) Each declaration was material to the point in question, and

(2) Each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

(D) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

In Furtherance"

Judge" Diana Moreland" of the Twelfth Judicial Circuit, in Manatee County Florida (Bradenton) not only allowed it" but continued with the final judgement in-favor of the Goldsmiths" decreed **Final Judgement on Petition For Custody By Extended Family** even after it was made known via the preponderance of evidence supplied to the court drawn to **Judge" Diana Moreland's** attention on the date in question, on the record, via telephonic conference in witness of all present that occurred, on (or) about **June 17th 2019 at around 1:30PM** of that afternoon" **REMAINS** in violation of my child's parental care and the Fourteenth Amendment, thru the custody and control that remains protected by, and thru The United States Constitution and Due Process.

> (A) <u>Under the Fourteenth Amendment,</u> *process is constitutionally due a natural parent at a state's parental rights termination proceeding, such a proceeding interfering with a fundamental liberty interest of natural parents in the care, custody, and management of their child, such interest not evaporating simply because the parents have not been model parents or have lost temporary custody of their child to the state, and the fact that important liberty interests of the child and its foster parents may also be affected by a permanent neglect proceeding not justifying denial to the natural parents of constitutionally adequate procedures; a state cannot refuse to provide natural parents adequate procedural safeguards in a parental rights termination proceeding on the grounds that the family unit already has broken down.*

(B) The Supreme Court has held that parents have a constitutionally protected liberty interest in the care, custody and management of their children." **Doe v. Kearney, 329 F.3d 1286, 1293 (11th Cir. 2003) (citing Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)).** Thus, before a child is removed from parental custody, the parent has the right to a procedural hearing. See **Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999)** ("As a general rule, therefore, before parents may be deprived of the care, custody or management of their

children without their consent, due process ordinarily—a court proceeding resulting in an order permitting removal-must be accorded to them."). Nevertheless, "the State has a profound interest in the welfare of the child" and "a state may constitutionally remove children threatened with imminent harm when it is justified by emergency circumstances." **Kearney, 329 F.3d at 1293.** Thus, a state must have "probable cause to believe the child is threatened with imminent harm" before removing the child without judicial authorization. FINAL.

By Judge Moreland's own endurance" following her verdict in this case sent a clear cut message throughout the **Continental United States of America** that is okay to walk into her Courtroom, raise your right hand, place your left on the Bible, provide false and misleading declaration (or) testimony before her court, walk out smiling, and get away with it. All while violating the **Constitution of the United States of America** and whoever's parental rights she deems appropriate simply because she's the Judge.

**In Conclusion"** Should anyone within this filing need furtherance concerning the letter you see and hold today, please feel free to enlist in me to assist, as I can be reached by utilizing the contact information I have provided herein above and below"

Respectfully Submitted

/s/ *John D. Golom*

John D. Golom c/o OCA # 02-09063 & USM # 71921-004
175 Pike County Blvd
Lords Valley, Pa 18428

## CERTIFICATE OF SERVICE

States, Under Penalty of Perjury that on this date in time" this 9th day of, **September, 2020** that, I, **John D. Golom** did in-fact" cause this action to be filed upon each party listed as is herein above through this

**CERTIFICATE of SERVICE**

Cc: In Witness of: **The Department of Children and Family Services**

| | |
|---|---|
| **Department of Justice,**<br>➢ **Office of Professional Responsibility ("OPR"),**<br>1900 East Street, NW<br>Washington D. C. 20415 | ☑ |
| **Attorney General c/o the Anti-Trust Division**<br>245 Murray Street, NW<br>Washington D. C. 20536 | ☑ |
| **STATE OF FLORIDA, Office of the"**<br>**GOVERNOR, RICK SCOTT.**<br>111 N. Adams Street<br>Tallahassee, Florida 32301 | ☑ |

Page 4 of 5

Florida Supreme Court, Office of Disciplinary Action
500 S. Duval Street
Tallahassee, Florida 32399

Case No: 2018-DR-005422

**The Manatee County Clerk of the Court, c/o Judge Moreland** ☑
1051 Manatee Avenue, West
Bradenton, Florida 34209

**The Goldsmith Family, Jill, Edward and the Mother of the Child, Lacey B. Goldsmith (a/k/a Jamie / Lacey) by and thru there Attorney.** ☑
Mr. Lee White, Esquire-at-Law
521 9th Street West
Bradenton, Florida 34205

UNITED STATES DISTRICT COURT, IN & FOR
THE MIDDLE DISTRICT OF FLORIDA, (TAMPA DIVISION)
Sam M. Gibbons U.S. District Courthouse
801 N. Florida Avenue ☑
Tampa, Florida 33602-3800

Florian Miedel, LEAD ATTORNEY, Miedel & Mysliwiec, LLP, New York, NY 10004, Suite 1900 ☑
And' Constitutional Scholar. Jeffrey Chase, BIA Senior Legal Advisor, c/o The Law firm of DiRaimondo & Masi, P.C ☑